**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5214 VAP (MRWx) | Date | June 19, 2019 |
|---|---|---|---|
| Title | Deuschel v. Kaiser Foundation | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| Veronica Piper | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| n/a | | n/a |

**Proceedings:** ORDER TO SHOW CAUSE

    1.    Plaintiff Deuschel filed a "petition for writ of mandate" in this federal court. Although not entirely clear from the petition, Plaintiff appears to allege that he was entitled to have a fee-free stenographer present to record several private arbitrations regarding his health care. Plaintiff contends that the failure to have a stenographer present violated the Americans with Disabilities Act. He also broadly contends (without detail) that he was "refused accommodation" at various arbitration hearings by multiple parties. Plaintiff seeks injunctive relief and money damages against the arbitrators, the health care providers, and others.

    2.    Plaintiff requests <u>in forma pauperis</u> status from the Court to waive the filing fee in this action. Whether he is eligible for IFP status or not, the Court must dismiss his action if it appears from the pleadings that the action is frivolous, malicious, or fails to state a cause of action upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

\* \* \*

    3.    Plaintiff's petition may not survive Section 1915 screening. First, there is high likelihood that Plaintiff's federal action is untimely. The ADA does not formally contain a statute of limitations. The Ninth Circuit has held that a federal court "must apply the statute of limitations of the most analogous state law" to the ADA. <u>Bickern v. Holiday Quality Foods, Inc.</u>, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002).

    4.    A claim brought under Title II of the ADA (applicable to discrimination in public services) is analogous to California Government Code section 11135. <u>Sharkey v. O'Neal</u>, 778 F.3d 767, 771 (9th Cir. 2015). Section 11135(a) prohibits discrimination on the basis of disability under "any program or activity that is conducted, operated, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5214 VAP (MRWx) | Date | June 19, 2019 |
|---|---|---|---|
| Title | Deuschel v. Kaiser Foundation | | |

administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state." The limitations period for such a claim is three years under California Code of Civil Procedure section 338(a).

5. However, a claim under Title III of the ADA alleges discriminatory conduct by private parties who provide "public accommodations." Such a claim is akin to a common law tort action or an action under the state's Unruh Act. The statute of limitations for either action – and, by extension, an analogous ADA case – is two years. Cal. C. Civ. Pro. § 335.1; Sharkey, 778 F.3d at 773; Hartline v. National Univ., 2015 WL 4716491 at *4-5 (E.D. Cal. 2015).

6. Which limit applies to Plaintiff's case, and why does it matter? At the core of Plaintiff's 36-page pleading are allegations regarding the conduct of arbitrations that concluded in 2015 and mid-2016. (Complaint at 31-32.) Plaintiff commenced this federal action in June 2019. If the two-year, private-party statute of limitations applies, then Plaintiff's case is facially time-barred and must be dismissed in its entirety. If the three-year, public-party statute applies, then one of his claims (an arbitration dismissed in June 2016) may be timely, but the others are not.

7. Plaintiff clearly invokes Title III of the ADA and its implementing regulations. (Complaint at 9-17.) He also liberally refers to the Unruh Act in demonstrating the propriety of his claims against these private defendants. (Complaint at 21.) However, the petition contains stray references to Title II of the ADA. Plaintiff also repeatedly conflates legal provisions expressly involving "courts" with references to "arbitrators" without supporting authority. (Complaint at 19-21.) Notably, no public entity is named in the action as a defendant.

8. Plaintiff is ordered to show cause why the action should not summarily be dismissed as untimely under Section 1915.

* * *

9. Additionally, the Court has real questions about whether there is federal court jurisdiction over the matter based on the Rooker-Feldman doctrine.

10. The Court takes judicial notice of another action that Plaintiff has pending in this district. Deuschel v. Los Angeles Superior Court et al., No. CV 18-10363 ODW (MAAx) (C.D. Cal.). That action alleges violations of the ADA by various members of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5214 VAP (MRWx) | Date | June 19, 2019 |
|---|---|---|---|
| Title | Deuschel v. Kaiser Foundation | | |

the state superior court. The assigned district judge (Wright, J.) issued an order to show cause regarding dismissal of that action as frivolous. The basis of Judge Wright's OSC was, inter alia, whether Plaintiff's federal action was a prohibited "de facto appeal" of a state court decision. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

11. That caused the Court to review a database of the California appellate court docket (appellatecases.gov.ca). The Court noted well over a dozen actions in the state appellate and supreme courts involving Plaintiff in the past year – including numerous cases involving the Kaiser Permanente entities named in the current case. See, e.g., Deuschel v. Kaiser Permanente Foundation Health Plan, No. B284847 (Cal. App. May 2, 2019).

12. The petition filed in federal court does not refer to any of Plaintiff's extensive state court litigation. Yet it's hardly likely that the current claims are entirely unrelated to any of the cases that Plaintiff pursued in state court. If his current case directly seeks review of a state judgment – or if a ruling in the federal case "would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (Ruesser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (quoted in Judge Wright's OSC)) – then the Rooker-Feldman doctrine may preclude this Court from exercising jurisdiction over the matter.

13. Plaintiff is ordered to explain whether and how his current case is related to his other state actions.

\* \* \*

14. Another potential defect – Plaintiff fails to plead specific facts against any particular party. The petition names eleven individual and entity defendants as parties and broadly alleges ADA violations. However, the 36-page petition does not clearly allege any detailed (mis)conduct attributable to anyone.

15. That's facially a problem under Federal Rule of Civil Procedure 8. Rule 8 requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief" from a defendant. Plaintiff is ordered to show cause why the action should not be dismissed based on the failure to properly plead specific culpability against each party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-5214 VAP (MRWx) | Date | June 19, 2019 |
|---|---|---|---|
| Title | Deuschel v. Kaiser Foundation | | |

\* \* \*

16.  Plaintiff's response to this order (not to exceed 10 pages) will be due by July 5.  The Court will defer making a recommendation to the assigned district judge regarding the IFP application or assessing fees until it reviews Plaintiff's submission.

17.  <u>Alternatively</u>, if Plaintiff wishes to voluntarily dismiss this action, he may do so without further consequence.  If Plaintiff files an amended complaint, the Court will be required to re-screen the pleading to determine if it adequately and concisely addresses the issues described above.

**Failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  <u>Applied Underwriters, Inc. v. Lichtenegger</u>, 913 F.3d 884 (9th Cir. 2019).**